# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1136 | **DATE** | |
| **CASE TITLE** | Pinnacle Performance vs. Garbis, *et al.* | | |

**DOCKET ENTRY TEXT**

For the following reasons, Defendants' Motion for Leave to File Amended Notice of Removal [DKT 21] is granted, and Plaintiff's Motion to Remand [DKT 15] is denied. Status hearing set for 5/23/2012 at 9:00 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

### I. BACKGROUND

On February 1, 2012, plaintiff Pinnacle Performance, Inc. ("Pinnacle") filed suit in the Circuit Court of Cook County against Kerri Garbis, Eric Bergeron, their now-defunct franchise Pinnacle Northeast, Inc. ("Pinnacle NE"), and Ovation Communications, LLC ("Ovation"). Pinnacle NE allegedly failed to make its franchise payments, and the parties entered into a Franchise Separation Agreement wherein Pinnacle forgave some remaining debt and Pinnacle NE agreed to transition its clients to Pinnacle. Garbis allegedly claimed that she was getting out of the industry, but instead founded Ovation to compete with Pinnacle, keeping Pinnacle NE's clients and using Pinnacle's proprietary materials. The complaint alleges misappropriation of trade secrets (or, alternatively, conversion), common law unfair competition, common law copyright infringement, tortious interference with prospective advantage, and breach of contract (or, alternatively, rescission). The complaint alleges that Plaintiff suffered damages in excess of $30,000, and seeks exemplary damages of $1,000,000.

On February 16, 2012, Defendants filed a Notice of Removal based on diversity jurisdiction. The Notice alleges that Plaintiff is an Illinois corporation which principally operates here. It also alleges that Defendants Garbis and Bergeron are Massachusetts citizens. Finally, it alleges that Pinnacle NE was a New York Corporation principally operating in Massachusetts. The Notice fails to allege Ovation's citizenship.

The state-court complaint attached to the Notice alleges that Ovation is a Massachusetts limited liability company with its principal place of business there, and that Garbis and Bergeron are Ovation members. Exhibit 3 to that complaint, Ovation's Massachusetts corporate registration, lists Ovation's principal office as in Massachusetts, Garbis as its manager and signatory, and Bergeron as its Resident Agent.

Plaintiff has moved to remand this case, based on the defect in the Notice and the claim that the amount in controversy does not exceed $75,000. Defendants seek leave to file an amended notice of removal.

**STATEMENT**

## II. DISCUSSION
### A. Motion to Amend Removal Petition

A notice of removal must usually be filed within 30 days of a defendant's being served or receiving a copy of the complaint. 28 U.S.C. §1446(b). The 30-day deadline is not jurisdictional, but is strictly applied. *Walton v. Bayer Corp., 643 F.3d 994, 998* (7th Cir. 2011). Defendants may freely amend a notice of removal during that 30-day window. *N. Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir. 1982) *superseded in unrelated part by statute as stated in Carmel v. Steel Supply & Eng'g Co.*, No. 1:11–cv–894, 2011 WL 5102621, at *1 (S.D. Ind. October 26, 2011). In addition, 28 U.S.C. §1653 provides that: "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This case arises at the intersection of §1446 and §1653.

Because Ovation is a limited liability company, Defendants needed to identify each of its members and their respective citizenships in the Notice of Removal. *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534-35 (7th Cir. 2007). Defendants argue that §1653 permits them to amend their Notice to include Ovation, even though the 30-day window has already expired. *Cf. Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830-32 (1989) (noting that §1653 applies where jurisdictional facts exist, but are improperly alleged). Plaintiff argues that only technical corrections, not new allegations, are permitted this late (such as where a party's residence, not citizenship, was alleged initially, *see, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n.2 (7th Cir.1992)).

District courts have resolved this question differently. *Compare RJ Schinner Co. v. Georgia Pac. Corp.*, No. 07-C-0077, 2007 WL 2318513, at *1 (E.D. Wis. Aug. 9, 2007) (noting that §1653 permits amendments to jurisdictional allegations only within the 30-day removal period) *to Schweihs v. Burdick,* No. 94 C 7106, 1995 WL 124267, at *3 (N.D. Ill. March 20, 1995) (where removal notice only alleged that defendants were not Illinois residents, noting that "[a] notice of removal may be amended if by examining the specific allegations of the notice, as well as other sources, the court determines that a jurisdictional fact mistakenly omitted from the four corners of the notice or, imperfectly stated, is actually present."). This Court finds *Schweihs* to be consistent with Seventh Circuit precedent. *See Shaw v. Dow Brands, Inc.*, 944 F.2d 634, 639 (7th Cir. 1993)(allowing amendment to explain the absence of certain defendants from the notice of removal) *amended on other grounds by Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 539-40 (7th Cir. 2006).

In *Northern Illinois Gas Co.,* for example, the Seventh Circuit encountered a notice of removal which failed to mention one defendant. 676 F.2d at 273. The court noted that the right to remove existed (the omitted defendant was merely nominal), but that the petition was defective. *Id.* The Court therefore had to determine whether the defect was curable, which involved examining the record of the state court proceedings as well as the removal notice itself. *Id.* The Court noted that "[w]here the state court record reveals a jurisdictional fact, albeit imperfectly stated, which is essential to removal and which has been omitted from the four corners of the removal petition, an amendment of the petition is permissible to correct the defect," and cautioned that while the removal statutes are to be strictly construed, district courts should not "indulge in formalism or sterile technicality." *Id.* at 274 and n.2. *See also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653-54 (7th Cir.1998) (where notice of removal had not properly identified the citizenship of two defendants, one of which was a limited partnership, defendant could amend the notice of removal to include the omitted facts).

Plaintiff is correct that parties may not ordinarily amend a removal notice after the removal period in order to furnish missing allegations or add new grounds for removal. *See Stein v. Sprint Communications Co., L.P.*, 968 F.Supp. 371, 375-76 (N.D. Ill. 1997) (rejecting amendment which added a new statutory basis for jurisdiction; 14C Wright, Miller & Cooper, Federal Practice & Procedure §3733 (4th ed. 2012). It is also true that many of the cases cited here involve defects less serious than omitting a non-nominal defendant from the Notice.

Nonetheless, upon considering the Notice together with its attached complaint, the Court concludes that the necessary jurisdictional facts were present, if imperfectly stated, in a state court record at the time of removal. The state court complaint alleges that Ovation is a Massachusetts LLC, and that Bergeron and Garbis were Massachusetts citizens and members of Ovation. While it did not allege that Bergeron and Garbis were the only

**STATEMENT**

two Ovation members, it is not unduly prejudicial or unreasonable to allow Defendants now to amend the Notice to clarify that Garbis and Bergeron are, in fact, the only Ovation members, and to move the other allegations from the complaint to the face of the Notice. This is not a case in which diversity is actually in dispute. *See Howell v. Joffe,* 478 F.Supp.2d 1014, 1018 (N.D. Ill. 2006) (finding defective allegations of an LLP's citizenship curable where there was no question that complete diversity existed). Accordingly, the Court concludes that the defect is curable, and grants Defendants' motion to amend the notice of removal.

### B. Motion to Remand

As noted above, Plaintiff also seeks remand on the basis that the amount in controversy does not exceed $75,000. The parties have not separately briefed the issue, but have made their respective positions known in the remand motion and other briefing. The Court finds the issue sufficiently clear that it is ripe for disposition.

In Count VII, Plaintiff alleges that it suffered "damages in excess of $30,000" from wrongdoing relating to the Franchise Separation Agreement. Compl. ¶102. In the general prayer for relief, Plaintiff also seeks $1,000,000 in punitive damages and disgorgement of any profits from Defendants' allegedly unlawful conduct. Defendant also claims that Plaintiff affirmed in the state court that it seeks damages in excess of $50,000. Taken together, Defendants claim, these amounts well exceed the jurisdictional threshold.

If punitive damages are available under state law, and the punitive damage claim would bring the amount in controversy to over $75,000, federal courts have jurisdiction "unless it is legally certain that the plaintiff cannot recover the jurisdictional amount." *Casey-Beich v. United Parcel Service, Inc.,* 295 Fed. Appx. 92, 94-95 (7th Cir. 2008). At least some of Plaintiff's claims are eligible for punitive damages under Illinois law. *See, e.g., Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 730 (7th Cir. 2003) (noting that the Illinois Trade Secrets Act authorizes exemplary damages of up to twice the amount of compensatory damages if the misappropriation was willful and malicious); *Cirrincione v. Johnson,* 703 N.E.2d 67, 70 (Ill. 1998) (punitive damages are available for conversion claims); *V.I.M. Recyclers, L.P. v. Magner,* No. 03 C 343, 2005 WL 1745657, 16 (N.D. Ill. July 1, 2005) (punitive damages are available for claims of tortious interference with prospective advantage). Although they are not favored, punitive damages may be available when torts are committed, for example, willfully or with actual malice. *Cirrincione,* 703 N.E.2d at 70.

Plaintiff argues that while punitive damages are available under Illinois law, absent discovery it lacks sufficient information to determine whether the punitive damage claim is viable. Accordingly, Plaintiff argues, this case falls beneath the jurisdictional threshold. However, Plaintiff's objection is too fine-grained; a district court is not to become entangled in the merits of an allegation to determine if it has jurisdiction. *Carroll v. Stryker Corp.,* 658 F.3d 675, 681 (7th Cir. 2011). Plaintiff alleges willful and malicious conduct throughout its complaint, and the facts alleged, if proved, could support such an award. Accordingly, the uncertainty of pre-discovery pleading does not amount to a "legal certainty" that Plaintiff cannot recover the requisite amount including punitive damages. *See Casey-Beich,* 295 Fed.Appx. at 94-95. Furthermore, where Plaintiff has alleged actual damages of at least $30,000, a punitive damage award of even the full $75,000 would be unlikely to violate due process. *See LM Ins. Corp. v. Spaulding Enterprises Inc.,* 533 F.3d 542, 550-52 (7th Cir. 2008) (noting that a 1-to-2.75 ratio in compensatory to punitive damages needed to meet the jurisdictional threshold was not legally certain to violate due process). Accordingly, the Court concludes that the amount in controversy in this action exceeds $75,000, and the motion to remand is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Amend is granted and Plaintiff's Motion to Remand is denied.